Mathews, J.
delivered the opinion of the court. The plaintiff and appellee commenced this action, as attorney duly appointed by the court of probates to represent the absent heirs *655 of Opieces, deceased, against the defendant and appellant, who had been appointed curator of the estate, to enforce the payment into the treasury of the state of the sum of $2959 49, which had been determined, by the court of probates, to be due from the curator to the estate. A judgment was taken by default in the parish court, which was afterward made final.
In such an action the balance is not to be paid to the attorney of absent heirs but deposited in the state treasury.
He has brought up the record unaccompanied by any bill of exceptions, a statement of facts or any thing equivalent thereto, and the appellee moves to have the appeal dismissed.
The appellant opposes the motion, attempting to shew errors apparent on the face of the record, which he alleges to be sufficient to authorise and require a reversal of the judgment.
It has been our practice to dismiss all appeals, where no statement of fact, special verdict or bill of exceptions comes up with the record unless in cases in which it appears evident that the appeal was taken for the sake of delay only, and justice required an affirmance of the judgment with damages.
The present is the first instance, in which an appellant has insisted on the right of making an assignment of errors in law, apparent on *656 the record, unaided by a statement of facts, special verdict or bill of exceptions.
He claims this right under the 13th section of the act to organise the supreme court, 1813, which provides that "final judgments, in civil actions, in any of the district courts, where the matter in dispute exceeds three hundred dollars, exclusively of costs, shall he re-examined, reversed or affirmed in the supreme court; but there shall be no reversal for any error in fact, unless it be on a special verdict rendered in the district court, or on a statement of the facts agreed upon by the parties, or their counsel, or fixed by the court, if they disagree: which statement of facts may be made at any time before judgment, at the request of one of the parties."
The first part of this section expresses nothing more than is found in the constitution, which gives to this court appellate jurisdiction in civil cases, where the matter in dispute exceeds three hundred dollars. In the latter part the legislature seems to have intended to lay down a rule for the government of the court, in the exercise of its jurisdiction, very difficult to be understood, in consequence of the terms in which it is expressed. When the facts of a case are ascertained by a special verdict or a statement made by the parties, who it is supposed have the clear *657 est knowlege of them, or by the judge, immediately after having them disclosed to him, according to the rules of evidence, it is really hard to conceive the possible existence of any error in fact: as, according to our ideas of judicial proceedings, a special verdict or such a statement are conclusive as to the correctness of the facts therein contained; and even should there be an error, this court has no means of correcting it. Perhaps it was the intention of the legislature, when they passed this part of the judiciary law, that all cases, brought before the supreme court by appeal, should come in such a manner as to enable the court to do complete justice between the parties, without the necessity of remanding them to the inferior tribunals: for we discover no provision for sending back to the courts of original jurisdiction, until after the passage of the supplementary law.
In this view of the subject, we are inclined to believe that the section, under consideration, was intended for nothing more than to ascertain and fix the mode by which the facts arising from the evidence of the cause, in the inferior court, are to be made known to the supreme court on an appeal, whenever a knowlege of them is necessary to enable the latter to correct the errors *658 of the former, whether they proceed from improper conclusions on facts or mistakes in law.
The right of the citizen to appeal from a judgment or decision of any inferior court of the state, by which he thinks himself exposed to suffer an irreparable injury, in all cases in which the matter in dispute exceeds three hundred dollars, is secured by the constitution and cannot be destroyed by any legislative act. It carries with it the power, and makes it the duty of the supreme court to correct the errors of inferior tribunals of the country. We are, therefore, of opinion that the appellant has a right in all cases of appeal to assign errors in law, apparent on the face of the record, even when the appeal is not accompanied by a special verdict, statement of facts or bill of exceptions, and it is our duty to examine and decide on such errors.
This suit having been commenced and prosecuted to judgment in the court below, and the appeal taken as above stated, the defendant and appellant contends, that there is error in the petition, in the proceedings and in the judgment of the parish court.
It is stated, that there are four causes of error in the petition. 1, The want of sufficient certainty in the description of the kind of curatorshi *659 p, which the defendant undertook. 2, That the plaintiff, in the parish court, has not sufficiently set forth the judgment on which his action is grounded. 3, That the prayer of the petition is ill, inasmuch as the plaintiff prays that the money be paid to him, while the law requires it to be paid into the treasury of the state. 4. That an attorney of absent heirs, appointed under the 4th section of the act Feb. 21st 1809, has no right to bring any suit, on the judgment of a court of probates, but is to sue the curator and his sureties on their bond: the expressions of the law being to this effect.
I. As to the two first causes of errors, we are of opinion that the kind of curatorship, exercised by the defendant, is sufficiently explicit, he being described as the curator of the estate of Opeius deceased, which must mean the estate of a person, not, in this respect, represented by heirs in the state, and consequently such an estate, as is known in our law by the appellation of a vacant estate.
II. The judgment of the court of probates, being merely the evidence in the suit, its not being set forth in the petition, is no cause of error.
*660 III. As the attorney, appointed by virtue of the act above alluded to, it is presumed, does not give security, it is not safe that the money his should pass into his hands. But, in the present case, the petition clearly points out the object and end of the suit, which is, that the amount due should be paid into the treasury of the state; that part of the prayer, which requires it to be paid to the attorney, may be rejected as surplusage, and consequently erroneous in point of form, and might and ought thus to have been viewed by the parish court and accordingly been corrected in its judgment and decree.
IV. As stated by the counsel for the appellant in his assignment of the fourth error, the expression of the law is “for the purpose of prosecuting both the administrator and his sureties” Here we see a power given to proceed against both; but it seems to us not to follow as a necessary consequence, that the attorney is bound to pursue them in the same action on their bond. For what good or rational purpose? The primary obligation is on the part of the curator to do certain things, and if he can be made to do them, without resorting to his sureties, we can see no good reason why they should be unnecessarily molested. Perhaps this regu *661 lation would authorise a simultaneous prosecution against principal and sureties, without the necessity of a discussion of the property of the former, as in ordinary cases: but, we do not believe that there is any thing imperative in it to this effect. In the petition then there is nothing substantially erroneous and we are not authorised to revise the judgments of inferior courts on account of formal defects.
In relation to the error assigned in the proceedings of the court, it appears by comparing the date of the citation and judgment by default, that ten days had not elapsed, including the day of service, and excluding that on which the judgment was taken. This, altho’ it may differ from the prac ice of courts of justice in some countries, is conformable to that of ours, and being not in violation of law, cannot be considered as erroneous.
Believing that the judgment of the district court is erroneous in decreeing the money to be paid to the attorney, who gives no security, instead of ordering it to be paid immediately into the treasury, it is useless to examine in any other cause of error in the judgment, as for this it must be annulled, avoided and reversed, which is accordingly ordered and decreed. And, pro *662 ceeding to give here such a judgment as in our opinion ought to have been given in the court below, it is ordered, adjudged and decreed that the appellant, who was defendant in the parish court, to pay over and deposit, into the treasury of the state, the sum of two thousand nine hundred and fifty nine dollars and forty cents, with legal interest thereon from the 15th of September, 1815, within three days after receiving notice from the sheriff to that effect, and in default thereof, it is further ordered, adjudged and decreed that he said sum be levied by the sheriff aforesaid, upon the property of the appellant and defendant to be by him immediately deposited in the treasury of the state, according to the law in such cases made and provided, and it is further ordered, that the appellee pay the costs of this appeal.
The plaintiff in propriâ persona, Livingston for the defendant.